COMMONWEALTH of Kentucky, Appellant,

v.

Phillip Ray JETER, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1979.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellant.

J. Vincent Aprile, II, Asst. Deputy Public Advocate, Commonwealth of Kentucky, Frankfort, for amicus curiae.

Henry E. Hughes, Lexington, for appellee.

Before HAYES, C. J., and HOWARD and VANCE, JJ.

HOWARD, Judge.

Phillip Ray Jeter was indicted by the Fayette County Grand Jury on April 8, 1978. One count of the indictment alleged theft by deception, in violation of K.R.S. 514.040. The other four (4) counts alleged failure to make required disposition of property denounced under K.R.S. 514.070. After the close of the Commonwealth's case, the appellee moved for a directed verdict on all five (5) counts of the indictment. Count one (1) was dismissed by the court for failure to prove the essential element of deception. Counts four (4) and five (5) were found to be barred by the statute of limitations. Counts two (2) and three (3) were dismissed as it was found that alleged conduct was not within the purview of K.R.S. 514.070. The Commonwealth brings this action for the certification of the question of law as to whether K.R.S. 514.070 includes the course of conduct in which a seller accepts money for the purchase of merchandise and then refuses to deliver the property as promised.

A brief survey of the evidence presented to the trial court is necessary. The evidence includes the testimony of Beulah Shearer. Shearer related that she went to All Furniture Sales, owned by Phillip Ray Jeter, to purchase a stove and a refrigerator. Shearer, at that time, paid the full purchase price of $125.00 for the refrigerator and $89.00 for the stove. Both items were to be subsequently delivered. After much delay and persistence on the part of Shearer, the stove was finally delivered, although in an unsatisfactory condition. The refrigerator was never received.

The evidence reveals a similar account where Solar Suede Corporation purchased a washing machine for $78.85 from All Furniture Sales. Although paid for on the day of the sale, the washing machine was never delivered despite much effort on the part of the Solar Suede representatives.

Further testimony was heard at trial from Nellie McCullough who purchased a washer and dryer from All Furniture Sales for a total price of $165.00. When the washer was delivered, it was not in working condition. The dryer was never received and the washer was never repaired by Jeter, although many such requests were made.

In November, 1975, Mary Lowery purchased a washing machine from All Furniture Sales for the price of $84.00. Of this amount, $43.00 was paid down, with the remaining amount to be paid in two (2) weeks. The washing machine was never delivered. Lowery was finally given a refund in April, 1978.

This Court is asked to examine the above-indicated conduct and to determine, for future reference, if it or similar such conduct is an indictable offense under K.R.S. 514.-070, which provides in part:

(1) A person is guilty of theft by failure to make required disposition of property received when:

(a) He obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its proceeds or from his own property to be reserved in equivalent amount; and

(b) He intentionally deals with the property as his own and fails to make the required payment or disposition.

We turn first to the official commentary accompanying this statute. The commentary to K.R.S. 514.070 explains "[i]t is not the purpose of this statute to impose a criminal sanction on the relationship of debtor and creditor. To constitute an offense there must be a breach of trust, growing out of a contract or confidential relation." The trial court found the aforementioned facts to all involve a debtor-creditor relationship and thus not within the scope of this statute. The Commonwealth argues too much weight has been placed on the commentary statement that K.R.S. 514.070 does not impose a criminal sanction in instances of a debtor-creditor relationship. It is suggested that the Court focus on the additional section of the commentary referring to breach of fiduciary duty. The Commonwealth contends a fiduciary relationship was established when Jeter promised to deliver the goods. In an amicus curiae brief, the Office for Public Advocacy challenges the assertion of the creation of a fiduciary relationship. We find it unnecessary to address this point as it is not crucial to the interpretation of the statute. We note, however, that the argument could also be made that the sale created a contract and an accompanying trust obligation which was breached in these fact patterns.

These considerations, however, are not decisive as to the scope of the statute. The basic thrust of this statute is to impose penal sanctions for such conduct as a retailer's failure to pay over to the state sales taxes which have been collected, a contractor's failure to make proper application of payments in satisfaction of materialmans' liens, an employer's failure to apply withheld employee's wages to a pension fund, or a bank employee's failure to properly credit funds deposited for the account of a customer. Brickey, *Kentucky Criminal Law*, § 14.08. We feel that the literal language of the statute, itself, is most persuasive. A careful reading of the statute leads one to the conclusion that this statute was not enacted to penalize the type of fact pattern as is alleged in the Commonwealth's case against Jeter. The alleged actions would more properly have supported an indictment for theft by deception under K.R.S. 514.040.

We agree with the decision of the Fayette Circuit Court and certify that K.R.S. 514.070 does not proscribe the type of transaction whereby a seller accepts money for the purchase of merchandise and then refuses to deliver the property as promised.

The statute was instead enacted to penalize the misapplication of property received from another.

·HAYES, C. J., concurs.

VANCE, J., concurs in result.