**COMMONWEALTH of Kentucky, Appellant,**

v.

**Virgil PEVELY, Appellee.**

**No. 87–CA–2752–MR.**

Court of Appeals of Kentucky.

Nov. 4, 1988.

Frederic J. Cowan, Atty. Gen., Frankfort, Eddie C. Lovelace, Sp. Asst. Atty. Gen., Albany, for appellant.

Theodore H. Lavit, James H. Abell, Lebanon, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

COMBS, Judge.

The Commonwealth of Kentucky has appealed from the order of the Russell Circuit Court which granted the appellee, Virgil Pevely, judgment notwithstanding the verdict. The jury had found the appellee guilty of theft by failure to make required disposition of property (KRS 514.070). The Commonwealth now argues that the motion for judgment notwithstanding the verdict was procedurally improper, and that the proof was sufficient to support the jury verdict.

The case is factually rather simple. The appellee allegedly struck an informal deal with one Robert Edmonds whereby the appellee was to have hauled Edmonds' cattle gates from place to place, sell them, and then the two men were to have shared the profits. The appellee allegedly did everything anticipated by the agreement except share the profits with Edmonds.

Procedurally, the Commonwealth presented its case in chief and announced closed. The appellee, through counsel, then made his motion for a directed verdict of acquittal. The trial court overruled the motion "after hesitation, and with some doubt." The appellee then chose not to present any evidence in his defense, and announced closed.

The court instructed the jury and, after listening to closing arguments, they retired to deliberate. They returned a verdict of guilty, but became deadlocked at the penalty phase. The court set penalty of imprisonment for one year.

Five days after the verdict the appellee moved for judgment notwithstanding the verdict. The motion was granted and this appeal followed.

The Commonwealth argues that the motion for judgment notwithstanding the verdict was improperly made because the appellee failed to move for a directed verdict of acquittal at the close of all the evidence as is required by RCr 10.24. The Commonwealth relies upon *Commonwealth v. Brindley*, Ky., 724 S.W.2d 214 (1987).

The court, in *Brindley*, did reverse a trial court's granting of a motion for judgment notwithstanding the verdict, but not for the reason the Commonwealth says it did. The procedural path of Brindley's trial does not correspond to that of Pevely's. Brindley took the stand and testified in his own defense, where Pevely did not. Brindley's lawyer thus moved for a directed verdict of acquittal at "the conclusion of all the evidence by the prosecution and at the conclusion of all the evidence." *Brindley, supra* at 215. Therefore, the procedural prerequisite within RCr 10.24 which is the subject of the Commonwealth's current complaint was never considered by the *Brindley* court.

█ The trial transcript in appellee's case shows that upon the announcement by the Commonwealth that it had closed, the appellee's attorney made the motion for directed verdict of acquittal. The motion was then argued at some length. The judge, after expressing his considerable reservations, overruled the motion. The next words out of his mouth were: "With that in mind, will the defendant offer proof, or do you wish to announce closed?" The appellee's attorney immediately responded by announcing closed. The case went to the jury.

█ We believe that the preceding scenario satisfied the requirement that a party move for a directed verdict of acquittal at the close of all the evidence in order to preserve the right to a later motion for judgment notwithstanding the verdict. The phrase within RCr 10.24 "at the close of all the evidence" is to be construed to mean when all the evidence that is going to be introduced has been introduced. There can be no other construction of the phrase by virtue of RCr 1.04 which states:

> Purpose and construction.—The Rules of Criminal procedure are intended to provide for a just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

When defense counsel, after the prosecution has closed, makes and hears his motion for directed verdict of acquittal overruled, what then has he to gain by announcing closed and repeating the very same motion that he has just heard to be overruled? We are talking about a trial, not theater of the absurd. Conversely, what has the prosecution to lose in these situations? The prosecution's case has not been prejudiced one iota.

The Commonwealth's second argument is that the proof sufficiently supported the jury verdict.

The trial court obviously was unsure about his ruling on appellee's motion for directed verdict of acquittal. The order granting the motion for judgment notwithstanding the verdict shows that the trial court, upon further reflection, decided that his first ruling was erroneous.

The indictment against the appellee reads as follows:

The grand jury charges:

On or about the 20 day of March, 1987, in Russell County, Kentucky, the above named defendant(s) committed the offense of theft by failure to make required disposition in violation of KRS 514.070, a Class D Felony, by intentionally dealing with certain property belonging to Robert Edmonds as his own by selling said property and retaining the monies from said sale knowing that said property was not his and that he had no right to retain said monies, said property having a total value in excess of $100, said property being cattle gates.

■ The proof that the appellee sold the gates or derived any profit, as noted by the trial court in its order, is lacking. The prosecuting witness testified that he had been looking for someone to take his gates and sell them, and that the appellee had agreed to do that. He further testified that he purchased a truck for the appellee to use for hauling and selling the gates. He testified that their agreement was to split the profits realized from the sales, but that he had received no money, and the gates were never returned. Even the prosecuting attorney said during argument on the motion for directed verdict of acquittal that "there isn't any proof of the sale of the gates."

True to the words within the trial court's order, the prosecution failed to show any evidence that the appellee had sold the gates or realized any profit. Thus, the trial court realized its error of instructing the jury on these points, and granted judgment in favor of the appellee. The Commonwealth has the burden of proving every element of the case beyond a reasonable doubt. KRS 500.070.

The judgment of the Russell Circuit Court is affirmed.

McDONALD, J., concurs.

HOWERTON, C.J., concurs in result.