880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lee VUNETICH, Petitioner-Appellee,
v.
Al PARKE, Warden, Respondent-Appellant.
 No. 88-6008.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Respondent-appellant, the warden of a Kentucky penal institution, appeals from the District Court's order granting in part and denying in part petitioner Gary Lee Vunetich's petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We agree with respondent's contention that habeas relief is inappropriate in the present case because this is a state-law question in which the Kentucky Court of Appeals expressly ruled that petitioner's conviction was in accordance with state law, and because there was no constitutional violation. Accordingly, we reverse.
 
 I.
 
 2
 Petitioner was convicted in state court of theft by failing to make required disposition of property and of defrauding a secured creditor, and was sentenced to concurrent terms of one year and two years respectively. Each count was enhanced to ten years without possibility of parole pursuant to petitioner's first degree persistent felony offender conviction. Because petitioner's conviction on defrauding a secured creditor and the sentence enhancement as a persistent felony offender are not at issue, we will only discuss the facts relating to his conviction of theft by failing to make required disposition of property.
 
 
 3
 In 1981, Vunetich entered into a written lease agreement with Thomas Bishop on a travel trailer providing that Vunetich would receive the trailer in return for his agreeing to pay $1,200 down and to take over Bishop's monthly payments. If Vunetich failed to make the payments, he was responsible for paying the expenses of returning the trailer to Bishop, who would retain title until the trailer was paid off. Vunetich gave Bishop a $1,200 check for the down payment, but asked him not to cash it for a day or two because there were insufficient funds in the account to cover the amount. At Vunetich's request, Bishop then towed the trailer to a trailer park for petitioner. Two weeks later, Bishop went to the trailer park after Vunetich failed to keep an appointment to pay the $1,200, and discovered that Vunetich and the trailer were gone. The $1,200 down payment check bounced, Vunetich never made any payments, and the trailer was never returned.
 
 
 4
 Vunetich was charged under Kentucky Revised Statute (KRS) Sec. 514.070, which provides:
 
 
 5
 514.070 Theft by failure to make required disposition of property
 
 
 6
 (1) A person is guilty of theft by failure to make required disposition of property received when:
 
 
 7
 (a) He obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its proceeds or from his own property to be reserved in equivalent amount; and
 
 
 8
 (b) He intentionally deals with the property as his own and fails to make the required payment or disposition.
 
 
 9
 Ky.Rev.Stat.Ann. Sec. 514.070 (Baldwin 1988).
 
 
 10
 In his appeal to the Kentucky Court of Appeals, petitioner alleged two errors regarding his conviction under KRS Sec. 514.070: (1) insufficiency of the evidence; and (2) constructive amendment of the charge, denying him due process. The basis of the second contention was that the trial court's instruction described the theft in terms of failure to return or failure to "make payments for it," JA 35, whereas the state's bill of particulars only stated failure to return.
 
 
 11
 The Kentucky Court of Appeals rejected these arguments. First, with regard to insufficiency of the evidence, it found that "each element of the offense [ ] was proven to the extent that the offense was submittable to the jury." JA 36. Second, it rejected petitioner's constructive amendment theory, explaining,
 
 
 12
 [Defendant's] claim is that he was prepared for trial to defend only the failure to return the trailer as outlined in the answer to the bill of particulars.
 
 
 13
 We do not agree that the instruction violated any of [defendant's] rights. The instruction reads, "[H]e intentionally dealt with the trailer as his own and did not return it to T.G. Bishop or make payments for it...." All the instruction did was reflect what was in evidence. We see no basis for appellant to claim surprise. There was testimony by [defendant's] wife that efforts were made to return the trailer and the keys were mailed to Bishop. Bishop denied this. The jury believed Bishop. We fail to see in any way that [defendant] was prejudiced by the instruction.
 
 
 14
 JA 35-36. The Kentucky Supreme Court denied review of the case.
 
 
 15
 A United States Magistrate recommended denying habeas relief on all charges. The District Court adopted the magistrate's findings of fact and recommendation except for the charge of failing to make required disposition of property under KRS Sec. 514.070. With respect to that charge, the court vacated and set aside Vunetich's conviction. The court held that petitioner had been charged under the wrong statute, and had thereby been denied due process under the fourteenth amendment to the United States Constitution.
 
 
 16
 In rejecting the Kentucky Court of Appeals'and the Magistrate's conclusion that the elements of KRS Sec. 514.070 had been satisfied, the District Court relied on Commonwealth v. Jeter, 590 S.W.2d 346 (Ky.Ct.App.1979) and Commonwealth v. Heist, (Ky.App.Apr. 4, 1986) (unpublished opinion). The Heist court interpreted KRS Sec. 514.070 as applicable to those cases in which a first person accepts property from a second person with an obligation to deliver it to a third person. JA 23-24. The District Court posited that KRS Sec. 514.020(3), theft by deception, was likely the proper offense under which petitioner should have been charged. The court then noted that because Vunetich received an identical ten-year concurrent sentence without possibility of parole for defrauding a creditor, the length of time petitioner must serve was unaffected by the partial grant of habeas relief.
 
 II.
 
 17
 In a habeas corpus proceeding, the federal court does not act as a "super state supreme court" to judge whether the trial court erred under state law. See Wilson v. McMacken, 786 F.2d 216, 221 (6th Cir.1986); Payne v. Janasz, 711 F.2d 1305, 1310 (6th Cir.), cert. denied, 464 U.S. 1019 (1983). "Rather, our task is to determine whether the violation rises to the level of a constitutional wrong." Wilson, 786 F.2d at 221. We conclude that the District Court went beyond the narrow scope of review under habeas corpus jurisdiction. See Payne, 711 F.2d at 1310.
 
 
 18
 In the present case, we find no constitutional error which is so fundamentally unfair as to deny petitioner due process. Long v. Smith, 663 F.2d 18, 22-23 (6th Cir.1981), cert. denied, 455 U.S. 1024 (1982). Although the two state appellate court cases relied on by the District Court held that KRS Sec. 514.070 is generally appropriate when third party payments are involved, the Kentucky Court of Appeals ruled that, under the facts of the present case, "each element of the offense [ ] was proven...." JA 36. Petitioner clearly met each required element under the statute: he obtained the trailer "upon agreement ... to make specified payment"; he "intentionally dealt with the property as his own"; and he "fail[ed] to make the required payment" or return the trailer. Sufficient evidence supports the state court's holding. Jackson v. Virginia, 443 U.S. 307 (1979) (if any rational trier of fact would accept the evidence as establishing each essential element of the crime, the standard of review is met).
 
 
 19
 Moreover, as respondent points out, the "theft by deception" statute requires the state to prove that defendant had an intent to defraud at the time of delivery. Rice v. Commonwealth, 621 S.W.2d 911 (Ky.Sup.Ct.1981). The state would have been unable to prove such an intent in this case; Vunetich had asked Bishop to wait before cashing the $1,200 check. Under KRS Sec. 514.070, however, the state could prove that petitioner intended to deprive Bishop of the trailer sometime after he received it, but while Bishop still retained title.
 
 III.
 
 20
 For the reasons discussed above, that part of the District Court's order granting a writ of habeas corpus as to petitioner's conviction under KRS Sec. 514.070 is REVERSED.