Roy Art TAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 89–SC–715–DG.

Supreme Court of Kentucky.

Nov. 29, 1990.

James I. Lowry, IV, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

COMBS, Justice.

Appellant Taylor was convicted on eight felony counts of theft by failure to make required disposition of property (KRS 514.-070). The judgment was affirmed by the Court of Appeals; we granted review.

Taylor, an insurance agent, was accused of intentionally using as his own, and failing to remit to his principal, certain premiums collected from clients, thus violating his contract, the insurance code, and the penal code. Taylor admitted owing his principal $24,000, admitted collecting the premiums, admitted spending the proceeds. He averred, however, that he intended throughout to pay what was owed. That the evidence was sufficient to support the theft convictions is not contested. Appellant insists, rather, that because the evidence would have also justified conviction for violation of the insurance code (which provides its own penalty), he was entitled to an instruction permitting a verdict on this "lesser offense." On the issue, we hold that the trial court did not err in denying the request for such an instruction.

KRS 514.070 provides, in pertinent part:

(1) A person is guilty of theft by failure to make required disposition of property received when:

(a) He obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its proceeds or from his own property to be reserved in equivalent amount; and

(b) He intentionally deals with the property as his own and fails to make the required payment or disposition.

. . . .

(4) Theft by failure to make required disposition of property received is a Class A misdemeanor unless the value of the property is $100 or more, in which case it is a Class D felony.

KRS 304.9–400 provides:

That portion of all premiums or moneys which an agent or solicitor collects from an insured and which is to be paid to an insurer, its agents, its managing general agents or his principal because of the assumption of liability through the issuance of policies or contracts for insurance, shall be held by the agent or solicitor in a fiduciary capacity and shall not be misappropriated or converted to his own use or illegally withheld by the agent or solicitor.

And KRS 304.99–010 reads:

In addition to or in lieu of the specific penalties provided for by this code, any person who violates any provision of this code or who knowingly violates any proper order of the commissioner shall, upon conviction by a court of competent jurisdiction, be fined not less than $100 or twice the amount of the gain from the commission of the violation, whichever is greater, be subject to revocation of certificate of authority or license, or both.

At the outset we note that KRS 304.9–400 and KRS 304.99–010 do appear to delineate a criminal offense. According to KRS 500.020(1), an act may constitute a criminal offense if designated a crime or violation under the penal code or under a statute outside that code. KRS 500.080(17) defines "violation" to mean an *offense* for which a sentence to a fine only can be imposed; and KRS 500.080(11) defines "of-

fense" to include conduct for which a *fine* is provided by *any law* of the state. Since a fine is imposed by KRS 304.99–010, violation of KRS 304.9–400 constitutes a violation designated within the penal code, and is therefore an offense. Because of this designation, and because of the requirement of *conviction* under KRS 304.99–010, and because that section is distinct from the insurance code's "civil penalties" provision (KRS 304.99–020), we must conclude that the offense is criminal in nature.

■ Appellant contends that violation of KRS 304.9–400 does not include the element of intent which, under KRS 514.-070(1)(b), is essential to theft. He reasons that intent is the crucial difference between the two offenses, points out that he denied any criminal intent, and concludes that a jury instructed on both offenses might reasonably have found him guilty of the violation rather than the felony.

In appellant's view, the case of *Blanton v. Commonwealth*, Ky.App., 562 S.W.2d 90 (1978), is dispositive. Blanton, a building contractor, was required by KRS 376.070 to pay laborers and materialmen out of sums received from the homeowner, on pain of fine or imprisonment pursuant to KRS 376.990(2). Charged with theft under KRS 514.070, Blanton denied owing *any* of the claims for labor and materials on which the charge was premised. Reasoning that the evidence presented a real issue as to whether the defendant had *intentionally* dealt with the money as his own by failing to satisfy a *known* legal obligation, the Court of Appeals held that an instruction on the offense defined under Chapter 376 was necessary. The panel went on to require, for conviction under KRS 376.990(2), that the jury believe beyond a reasonable doubt that the contractor failed to pay sums which he *knew* to be due and owing.

We encounter difficulties with applying *Blanton* to the present case. First, the rationale of *Blanton* is not entirely convincing. There was no real issue as to whether the contractor had intentionally used the money as his own. The question was, instead, whether he had done so despite a *known legal obligation* to make a different disposition. The defendant took the position that he had no such obligation; as a corollary, even if he were mistaken, he would argue that he had not *known* of that obligation. The element in dispute was common to both offenses. Had the jury entertained reasonable doubt as to either the existence of the obligation or Blanton's knowledge of it, *no* conviction would have lain under *either* KRS 376.990(2) *or* KRS 514.070.

Secondly, there is a factual distinction. The present record affords no room for doubt that Taylor knew of his legal obligation either to forward the premiums to his principal or to hold them in trust. He did not deny—indeed, he affirmatively admitted—owing $24,000. Yet, as he also admitted, he spent the proceeds.

In the context here presented, the only substantial difference between the elements of KRS 304.9–400 and those of KRS 514.070 is that conviction under the insurance code would lie if the agent converts the funds to his own use *or* illegally withholds them, whereas conviction under the penal code would properly ensue if he intentionally deals with the proceeds as his own *and* fails to make the required disposition. Taylor could be acquitted of theft and convicted of the lesser offense only if he had withheld the premiums *but had not* intentionally dealt with them as his own. Appellant's avowal of an intention and ability to pay, termed a denial of criminal intent, does not, even if believed, exculpate him under KRS 514.070. No reasonable jury could doubt, other better intentions notwithstanding, that by spending the monies Taylor intentionally treated them as his own. We are therefore persuaded that the trial court did not err in refusing to give the requested instruction.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

ANN B. OLDFATHER, Special Justice, dissents by separate opinion.

ANN B. OLDFATHER, Special Justice, dissenting.

Mr. Taylor maintains that he was entitled to a lesser included offense instruction setting forth the reporting duties for insurance agents in KRS 304.9–400. The issue before this Court is whether KRS 304.9–400 constitutes a lesser included offense, and if so whether the proof justified the giving of an instruction on such offense.

*Luttrell v. Commonwealth,* Ky., 554 S.W.2d 75 (1977) sets forth the rule that an instruction on a lesser included offense should only be given where a reasonable juror could doubt the guilt as charged but conclude guilt on a lesser included offense. Here, Taylor maintained that his actions were based on the belief that Transamerica was owed less than the amount which it claimed, and that Taylor lacked the requisite intent to deal with Transamerica's money as his own. Taylor admits that Transamerica was owed some $24,000, rather than the $54,000 which it claimed. Taylor did not pay Transamerica the $24,000 he admitted owing. Taylor did issue checks to Transamerica for a large portion of the amount he admitted owing; he stopped payment on the first check and a replacement check bounced. Despite this, Taylor testified that he always had the funds available to make such payment. Whether, how much of and why Taylor spent the money he was to hold was in dispute.

Theft by failure to make required disposition contains the same elements as KRS 304.9–400 on these facts with one exception. The theft statute requires that the defendant "intentionally" deals with the property as his own, while KRS 304.9–400 provides that the premiums "shall not be misappropriated or converted (to the agent's) own use." The insurance statute requires no particular mental state, and a person could be convicted under this statute with no particular culpable mental state since it is a "violation," KRS 501.050(1). Even if a culpable mental state were required for conviction under KRS 304.9–400, it would undoubtedly be less than the "intentional" standard required by the theft statute, KRS 501.040. Since KRS 304.9–400 requires less culpability than KRS 514.070, it constitutes a "lesser" offense.

The only issue then remaining is whether a reasonable juror could doubt guilt as charged but conclude guilt on KRS 304.9–400. While it is plain that sufficient evidence was adduced to allow a conviction on the theft charge, it is also plain that a jury might well have believed that Mr. Taylor did not "intentionally" deprive Transamerica of its property, that money was available at all times to pay Transamerica, and that the parties were involved in a good faith dispute as to the amount of premiums owed. All of these issues go to culpable mental state, and a jury is not *required* to conclude, despite the majority's opinion to the contrary, that Taylor "intentionally" treated these monies as his own. This being the case, Mr. Taylor was entitled to have the jury conclude whether his conduct might have violated KRS 304.9–400 without rising to the severity of actions proscribed by KRS 514.070. Since the jury was given no choice other than to convict under the more severe theft statute or to acquit, this was error. This matter should be reversed and remanded for new trial with, upon similar proof, an additional instruction (not in lieu of an instruction under KRS 514.070) allowing the jury to conclude guilt under KRS 304.9–400.