**Debbie HELLARD, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 91–CA–000366–MR.**

Court of Appeals of Kentucky.

March 20, 1992.

Rehearing Denied May 22, 1992.

Pierce Butler Whites, Anna Stewart Whites, Louisa, for appellant.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, HOWERTON, and STUMBO, JJ.

STUMBO, Judge.

Debbie Hellard appeals a judgment of the Garrard Circuit Court finding her guilty of committing two counts of theft by deception over $100 under KRS 514.040, and one count of forgery in the second degree under KRS 516.030. Hellard was sentenced to one year of imprisonment for each offense, with said sentences to run concurrently. The first issue presented for our consideration can be framed as follows: When a forged rental agreement or other instrument is used in order to obtain the property of another, does § 13 of the Kentucky Constitution prohibit, on double jeopardy grounds, convictions for both forgery and theft by deception? We conclude that it does.

On October 10, 1988, Hellard entered into two video cassette recorder (hereinafter "VCR") rental agreements. Both VCR's were valued at approximately $150. In one transaction Hellard forged the name of "Earlinda Wheeler," her cousin and then-roommate, on a VCR rental agreement. No such written agreement was required in the other transaction, although Hellard also gave the same false name during that transaction. After the VCR's in question were not returned pursuant to the rental agreements, the aforementioned charges were eventually brought against Hellard. The jury returned a verdict of guilty on all counts on December 20, 1990.

Hellard contends that the convictions for both theft by deception and for forgery constitute double jeopardy because the forged rental agreement was part of the very deception she used to obtain possession of the VCR in question. The Commonwealth contends that the rental transaction clearly constituted two separate offenses because Hellard committed the forgery offense when she signed a false name on the rental agreement, regardless of whether she intended to return the VCR or not. Since it contends that the offense of theft by deception did not occur until she failed to return the VCR pursuant to the rental agreement, the Commonwealth argues that this case is different from *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 (1990). *Ingram* prohibited two convictions arising from the same transaction: one for selling marijuana to a minor under KRS 218A.990(5), and another for trafficking within one thousand yards of a school under KRS 218A.990(16).

It is clear that the offense of forgery in the second degree was completed at the time Hellard submitted a forged rental agreement. KRS 516.030, in pertinent part, provides as follows:

(1) A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be or which is calculated to become or to represent when completed:

(a) A deed, will, codicil, contract, assignment, commercial instrument, credit card or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; ....

Clearly, a written rental agreement is subject to the provisions of this statute. Therefore, the question we must decide is whether the theft by deception offense occurred when Hellard gained possession of the VCR pursuant to the rental agreement, or when she failed to return the VCR pursuant to the agreement.

The theft by deception statute, KRS 514.040, in pertinent part, provides as follows:

(1) A person is guilty of theft by deception when he obtains property or services of another by deception with intent to deprive him thereof. A person deceives when he intentionally:

(a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind;

(b) Prevents another from acquiring information which would affect his judgment of a transaction;

....

We feel that the offense of theft by deception was completed when Hellard obtained possession of the VCR pursuant to the forged rental agreement. She clearly obtained the property of another by the deception of using a false name. Under KRS 514.020(3), it is clear that the offense of theft by deception was completed when Hellard obtained the VCR with the forged rental agreement and that the forgery offense was encompassed within the theft by deception. In pertinent part, this statute provides as follows:

(3) It shall be prima facie evidence of intent to commit theft by deception when one who has leased or rented the personal property of another fails to return the personal property to its owner within ten days after the lease or rental agreement has expired. It shall also be prima facie evidence of intent to commit theft by deception when one presents to the owner identification which is false, fictitious

or not current as to name, address, place of employment or other items of identification for the purpose of obtaining the lease or rental agreement.

Since, by the very terms of KRS 514.020(3), forgery is an included offense under the theft by deception statute, we conclude that only one offense was committed as a result of the rental transaction in issue and that the conviction under KRS 516.030 must be reversed. As an aside, we agree with the Commonwealth's contention on appeal that the failure to return the VCR pursuant to the rental agreement constituted a separate offense from the forgery of the rental agreement. However, Hellard should have been charged with violating KRS 514.070, the statute that governs wrongful dispositions of property.

■ The second issue presented by Hellard concerns the fact that the video store owner who accused her of making the forged rental agreement was a member of the same jury pool that was presently hearing her case. Hellard contends that the court committed reversible error by not granting her motion for a continuance of the trial until a different jury pool could be used to select her jury. After examining the transcript of the trial, we agree. After overruling Hellard's motion for a continuance, the court noted that this ruling was subject to change if Hellard could show bias or prejudice during voir dire. However, we do not feel that Hellard was required to show bias or prejudice under these circumstances. In *Ward v. Commonwealth*, Ky., 695 S.W.2d 404 (1985), the Kentucky Supreme Court recognized that when a potential juror has a "close relationship" to any of the parties, counsel, victims, or witnesses, the court should presume the likelihood of bias on the part of the prospective juror. The court explained that such a relationship could be familial, financial or situational.

This case clearly involves a "close relationship" of the situational type. As a member of the jury pool, the video store owner had numerous opportunities to meet the other members of the pool. Indeed, the record reveals that the owner had previously sat with at least four of the potential jurors in Hellard's case and had agreed

with them on a verdict in that case. We feel that the possibility of a jury according the testimony of a witness greater weight than it otherwise would have received is just too great when the witness is a member of the same jury pool. While the Commonwealth contends that Hellard waived this issue by failing to renew her objection at the end of voir dire, we feel that the trial court erred under RCr 10.26 by failing to grant the original motion for a continuance. Accordingly, Hellard is entitled to a retrial on the charges under KRS 514.040.

Therefore, the judgment of the Garrard Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.