**COMMONWEALTH of Kentucky, Appellant,**

v.

**David BOWLING and Steve McCrystal, Appellees.**

Court of Appeals of Kentucky.

March 16, 1973.

Ed W. Hancock, Atty. Gen., Frankfort, W. A. Wickliffe, Commonwealth's Atty., Harrodsburg, Michael Conover, County Atty., Harrodsburg, for appellant.

W. Earl Dean, Dean, Dean & Dean, Harrodsburg, for appellees.

VANCE, Commissioner.

Over objections of the Commonwealth, the trial court directed a jury to return a verdict of not guilty of grand larceny as to David Bowling and Steve McCrystal. The basis of the directed verdict was that the only evidence against the accused was the testimony of an accomplice and it was not corroborated as required by RCr 9.62. The Commonwealth has requested a certification of the law.

David Bowling, Steve McCrystal and Harry Cheatham were jointly indicted for the theft of some lumber and building material in Mercer County, Kentucky. On the morning of the trial Cheatham entered a plea of guilty and then proceeded to testify against his two codefendants.

Cheatham related that Bowling and McCrystal accompanied him after midnight to a place where the lumber and building material were stored; that he turned off the light of his truck as they approached the material; that Bowling and McCrystal helped him load the material onto a truck; that all of them would duck behind a stack of lumber to hide themselves whenever a car would pass on a public road nearby; that Bowling and McCrystal accompanied him when he delivered the material to a third party, they helped unload it and they received a part of the money paid therefor.

A state police officer testified that he was present at the examining trial at which time Bowling and McCrystal testified and admitted that they went with Cheatham on the night in question and helped him load the material but they claimed then that they did not know the material was stolen.

The question presented is whether the admission of the accused sufficiently corroborated the testimony of the accomplice as to warrant submission of the case to the jury.

At common law a conviction could be obtained upon the uncorroborated testimony of an accomplice. Roberson's New Criminal Law and Procedure, Section 1829. There has always existed the possibility however that an accomplice might falsify his testimony and incriminate another in the hope of some favorable treatment for himself. To that extent the reliability of the testimony of an accomplice is suspect and under modern practice a conviction based solely upon the testimony of an accomplice will not stand.

RCr 9.62 provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. In the absence of corroboration as required by law, the court shall instruct the jury to render a verdict of acquittal."

The requirement of RCr 9.62 is met if the corroborative evidence is of such quality that a reasonable and unprejudiced mind can conclude that it tends to establish some fact that links the accused up with the principal fact of the commission of the offense. Flora v. Commonwealth, Ky., 387 S.W.2d 15 (1965).

Once the testimony of an accomplice is given a ring of truth by means of independent corroborative testimony, a conviction can rest upon the testimony of the accomplice alone. Thus it is unnecessary that the corroborative testimony establish guilt. It needs only to *tend* to connect the accused with the commission of the offense. Daggit v. Commonwealth, Ky., 237 S.W.2d 49 (1951) and Brown v. Commonwealth, Ky., 440 S.W.2d 520 (1969).

An admission against interest by an accused is admissible as corroborative evi-

**722**

dence. Goodhue v. Commonwealth, Ky., 415 S.W.2d 845 (1967).

■ In this case the trial judge thought the corroboration was insufficient because the testimony offered in corroboration did not, in itself, show the criminal intent of the accused. This was an erroneous application of RCr 9.62. The corroborative testimony did not need to establish criminal intent. It needed only to tend to connect the accused with the commission of the offense of the theft of the lumber. It seems to this court that the admission of the accused that they were present and helped to load and unload the stolen material after midnight certainly had a tendency to connect them with the offense.

The law is so certified.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.