COMMONWEALTH of Kentucky,
Movant,

v.

William Lee BURRIS, Respondent.

William Lee BURRIS, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

Nov. 26, 1979.

Jack Emory Farley, Public Advocate, M. Gail Robinson, Asst. Public Advocate, Frankfort, for respondent Burris, in No. 79–SC–110–D and for movant Burris in No. 79–SC–105–DG.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for movant Commonwealth of Kentucky, in No. 79–SC–105–DG and for respondent Com. of Kentucky in No. 79–SC–110–D.

REED, Justice.

William Lee Burris was convicted by a jury of second-degree robbery. The penalty assessed was five years' imprisonment. On September 26, 1977, judgment and sentence were entered and on the same date Burris filed a motion for a new trial and also a motion for judgment notwithstanding the verdict. The trial judge denied the motion for a new trial, but granted the motion for judgment notwithstanding the verdict and entered the appropriate orders.

The Commonwealth appealed the action of the trial judge to the Court of Appeals. That court rejected the Commonwealth's contention that the civil remedy expressed in CR 50.02 was not available in criminal cases. We agree with the Court of Appeals in that determination. The Court of Appeals, however, made a reassessment of the evidence produced at Burris' trial and decided the trial judge erred in granting judgment n.o.v.; the judgment was reversed with direction to let the verdict stand. We are of the opinion that the Court of Appeals was without authority to reverse the judgment because it was not appealable by the Commonwealth. Accordingly, we reverse the decision of the Court of Appeals, dismiss the appeal of the Commonwealth, and remand the case to the circuit court with direction that the indictment be dismissed.

At the time of Burris' trial, RCr 13.04 made provision for applicability of rules of civil procedure "heretofore applicable" to criminal cases and not superceded by the criminal rules. We agree with the Court of Appeals that "[t]he purpose of RCr 13.04 was clearly to provide parties to criminal actions with such remedies permitted under both the criminal and civil rules to prevent a miscarriage of justice."

In the case of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Supreme Court of the United States held that the Double Jeopardy Clause prevents a second trial for the purpose of affording the prosecution with another opportunity to supply such evidence it failed to produce in the first trial. As the Court of Appeals said: "Thus a motion for a new trial on the grounds of insufficient evidence has become an exercise in futility, as there can be no new trial." Therefore CR 50.02 was the only effective remedy provided at the time Burris acted. He acted within the time limit provided by the civil rule applicable. The trial judge had authority to act.

Since the trial judge had authority to act, the inquiry then becomes whether his action was reviewable on appeal. We think his determination that the prosecution failed to present sufficient evidence to submit the case to the jury and that Burris was entitled to a directed verdict was functionally equivalent to a verdict or judgment of acquittal.

Section 115 of the Constitution of Kentucky provides in pertinent part:

"In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, *except that the Commonwealth may not appeal from a judgment* of acquittal in a criminal case, . . . ." (emphasis supplied).

We hold that the Commonwealth was barred from securing appellate review of the judgment n.o.v. by the express provision of our Constitution.

The decision of the Court of Appeals is reversed, the Commonwealth's appeal is dismissed, and the cause is remanded to the Henderson Circuit Court with direction to dismiss the indictment as required by *Burks v. United States*, supra.

All concur, except CLAYTON, J., who dissents.