**Tony PHILLIPS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1980.

Discretionary Review Denied July 8, 1980.

Marvin C. Prince, Benton, for appellant.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, VANCE and WINTERSHEIMER, JJ.

VANCE, Judge.

The question is whether an out-of-court statement made by a person who, at the trial, refused to answer any questions may be introduced as evidence to incriminate another person in a criminal case.

Appellant was indicted for arson and wanton endangerment. He was found

guilty of first degree criminal trespass. At the trial James Nally was called as a witness for the Commonwealth. He gave his name, address and place of employment, but refused to answer any other question. He was declared an adverse witness and the prosecuting attorney proceeded as if he were on cross-examination. He was questioned extensively over appellant's objections concerning statements allegedly made to an investigating officer before the trial, which statements incriminated appellant. The witness refused to answer any question. He also indicated that he would refuse to answer any question on cross-examination by appellant.

Over objection of appellant a police officer was allowed to testify as to statements made by Nally during investigation of the case and which incriminated appellant. The officer also played a tape recording of the statement.

In *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969) it was held that when a witness testified to some incidents but failed to mention other matters, the testimony of the witness can be augmented by the admission of out-of-court statements made to a third party in order that the jury might have knowledge of all the statements the witness had made concerning the matter under interrogation. The court imposed certain safeguards concerning the admission of this type of evidence in that the use of out-of-court statements were limited to statements allegedly made by one who appeared as a witness, was subject to cross-examination, and when a proper foundation had been laid.

In *Owsley v. Commonwealth*, Ky., 458 S.W.2d 457 (1970), decided after *Jett*, the Court dealt with the situation presented by this appeal. In *Owsley* a witness refused to answer questions on the grounds of self-incrimination. The Commonwealth then introduced prior out-of-court statements of the witness which incriminated the defendant. Although the Court reversed the judgment in *Owsley* for other reasons the opinion (at page 463) gave specific instructions to the trial court concerning the admissibili-

ty of the out-of-court statements and the new trial as follows:

Appellant contends that it was erroneous to permit police sergeant Edward J. Kirk to relate to the jury a conversation he had had with Mrs. Josephine Owsley concerning what she knew about the case. When this case is tried again, if Mrs. Owsley testifies and is available for cross-examination and a proper foundation is laid, then the prior inconsistent statements of Mrs. Owsley to Sergeant Kirk would be admissible as substantive evidence under *Jett v. Commonwealth*, Ky., 436 S.W.2d 788. If, however, Mrs. Owsley does not testify, whether this occurs as a result of her claim of privilege to remain silent *or otherwise*, the testimony of Sergeant Kirk as to such statements would be inadmissible because of the lack of opportunity for cross-examination and because of the lack of a proper foundation. . . . (Emphasis ours.)

We regard the decision in *Owsley, supra*, as controlling in the present case and on its authority the judgment must be reversed.

■■■ Appellant further contends that absent the incriminating out-of-court statements of the witness Nalley the evidence was insufficient to support a verdict of guilty and under the rule announced in *Commonwealth v. Burris*, Ky., 590 S.W.2d 878 (1979) a new trial is now precluded and the indictment must be dismissed. The rule in *Burris* brings Kentucky law in compliance with the decision of the United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). It was there held that the double jeopardy provision of the United States Constitution prevented retrial of a defendant whose conviction was reversed upon the grounds that the evidence produced at the trial was insufficient to support the verdict of guilty.

*Burks* does not prohibit retrial where the judgment of conviction is reversed for trial errors other than insufficiency of evidence. We will not extend the rationale of *Burks* and *Burris* to the situation presented here.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.