William Bonnie SMITH, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

and

COMMONWEALTH of Kentucky,
Cross-Appellant,

v.

William Bonnie SMITH, Cross-Appellee.

Supreme Court of Kentucky.

June 15, 1982.

Jack Emory Farley, Public Advocate, Sara L. Collins, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

O'HARA, Justice.

William Bonnie Smith was jointly indicted with John Charles Johnson by the Jefferson County Grand Jury on February 26, 1980 for the offense of murder in violation of KRS 507.020. Smith alone was also in-

dicted and charged with being a second degree persistent felony offender under KRS 532.080. Johnson pled guilty to the murder charge and in exchange for his co-operation with the authorities, received the minimum sentence of twenty years. Appellant herein pled not guilty to the charges against him and, after a trial by jury, received a sentence of thirty years for his participation in the crime. This appeal follows as a matter of right.

The relevant facts may be stated as follows: On the evening of September 15, 1979, Appellant and Charles Johnson met the victim Charles W. Childers with the intention of taking him to a prostitute. They proceeded to get into Childers' automobile, Appellant in the front and Johnson in the back, and instructed Childers to drive off. After proceeding a couple of blocks, Childers was instructed to pull to the side of the highway against traffic near 27th Street and Magazine in Louisville. Johnson, from the back seat, pulled a gun and told Childers that he was being robbed. Childers then pulled a gun himself, causing Appellant (Smith) to warn Johnson that Childers had a gun, too. Johnson fired one shot into Childers' head, causing his death. Smith and Johnson jumped from the car and fled the scene.

Five assignments of error are urged upon us by Appellant and a cross-appeal is urged by the Commonwealth. We have considered each, and affirm the judgment.

█ First, we are called upon to scrutinize the trial court's actions in declaring the triggerman Johnson to be a hostile witness when called to testify as part of the Commonwealth's case. The record clearly indicates that Johnson's attitude was one of complete hostility and reluctance insofar as answering questions concerning a signed statement previously given to the authorities. The court ruled the witness as hostile, and no objection was made by the defense. This is a matter which addresses itself to the trial court's discretion. *Brown v. Commonwealth*, Ky., 440 S.W.2d 520 (1969); CR 43.05(a). We hold that when viewed in the light of this record, the decision of the trial court was sound.

In its ruling the court provided certain guidelines to be followed by the Commonwealth in its cross-examination, and, contrary to the Appellant's contentions, we find that those proper guidelines were adhered to by the Commonwealth's Attorney.

█ Appellant next alleges that the trial court erred by allowing the out-of-court statement of John Charles Johnson to be introduced since Johnson was not subject to full and effective cross-examination, the statement lacked an indicia of reliability and the prosecutor failed to lay a proper foundation for its introduction. The record is abundantly clear that the criteria for the admissibility of the statement under the authority of *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969) is met. In *Jett*, we held:

"When both the person who is said to have made the out-of-court statement and the person who says he made it appear as witnesses under oath and subject to cross-examination there is simply no justification for not permitting the jury to hear, as substantive evidence, all they both have to say on the subject and determine wherein lies the truth." 436 S.W.2d at 792.

In the instant case, both the officer who took the statement and the witness who made the statement were available and subject to cross-examination.

In an effort to escape the applicability of *Jett*, supra, Appellant cites *Phillips v. Commonwealth*, Ky.App., 600 S.W.2d 485 (1980) which relied on *Owsley v. Commonwealth*, Ky., 458 S.W.2d 457 (1970), as holding that if a witness refuses to testify, he is not subject to full and effective cross-examination. That simply is not the holding of *Owsley* and *Phillips*. In both of those cases, the witness had exercised a legitimate refusal to testify (i.e. a Fifth Amendment privilege). In this case, having previously pled guilty and been sentenced for his participation in the crime, the witness, Johnson, had no right to refuse to testify, and was, in fact, held in contempt of court for

his initial refusal to testify. In addition, a reading of the record reveals that the witness did eventually respond to questions by the Commonwealth, albeit only in the manner of a hostile witness. We note in passing that counsel for Appellant chose not to pursue a detailed cross-examination of the witness, but chose rather to rely on his statement that he (Johnson) would not answer his questions. The proper course would have been for counsel to pose his questions and allow the witness to refuse to answer each of them, thereby creating an effective record for appeal.

Therefore, the precepts of the *Jett* case were met and the statement properly admitted as substantive evidence. We see no grounds for holding that this statement lacked an indicia of reliability or that no proper foundation was laid for its introduction.

■ In response to Appellant's argument that he was entitled to a directed verdict on the grounds of insufficient evidence, we find that the statement of the witness, Johnson, being properly admitted, provided sufficient evidence to refuse a directed verdict.

■ We now consider Appellant's urging of error that the record lacks sufficient corroboration of the accomplice's testimony. The contention stems from the language of now abolished RCr 9.62 which in essence requires corroboration of an accomplice's testimony.[1] However, a reading of the record clearly demonstrates that the measure of the rule as set out in *Commonwealth v. Bowling*, Ky., 497 S.W.2d 720 (1973) is fully met by the testimony of the defendant concerning the circumstances prior to the shooting, i.e., finding the victim's gun and parking the car on the wrong side of the street.

■ Lastly, the Appellant complains of improper and prejudicial statements made by the prosecution in closing argument. A proper objection was made to the prosecutor's statement: "He sat there like he is carved in stone". Notwithstanding the double-entendre, the trial court removed all doubt concerning its meaning by a proper and effective admonition. Complaints of the other improper or prejudicial remarks were not objected to at the time they were made and are therefore not preserved for appellate review.

■ Finally, on cross-appeal (which we construe to be a request for a certification of the law of this case by the Commonwealth under Kentucky Constitution § 115), the Commonwealth asks this court to certify whether the trial court erred in refusing to permit the Commonwealth's Attorney to introduce, at the penalty stage of the trial, the aggravating circumstance of murder committed during the course of first degree robbery. We note in passing that no avowal was made by the Commonwealth as required under the rules for consideration by this court. However, that is not significant in view of our resulting conclusion on this issue.

The facts giving rise to this issue are as follows: The trial judge, sua sponte, decided that since the "triggerman" in this case had pled guilty and received the minimum sentence of 20 years, it would be unconstitutional to give the "non-triggerman" the death penalty since it would be "disproportionate" under these facts. The question is, therefore, whether the trial judge has the power to relieve the jury of any consideration of the death penalty.

A reading of KRS 532.025 indicates to this Court that the ultimate decision of penalty is within the province of the trial judge, specifically: "The judge shall fix a sentence within the limits prescribed by law." KRS 532.025(1), (b). Therefore, even if the jury, after hearing evidence, would recommend death, the trial judge, under the language of the statute, has the implicit power to reduce the penalty to "a sentence within the limits prescribed by law." It therefore becomes self-evident that the court should not be required to entertain an exercise in futility and preside over a hearing of any duration when it will ultimately

1. RCr 9.62 was abolished on September 1, 1980.

**414**

decide, for as significant a reason as expressed in this record, that such recommendation by the jury would have been, in the trial court's opinion, "disproportionate."

Accordingly, we certify the law to approve the trial court's actions under the facts of this case. We do not construe the provisions of KRS 532.060 and 532.070 to be applicable in a situation such as this involving the death penalty.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.