**COMMONWEALTH of Kentucky, Appellant,**

v.

**John David BRINDLEY, Appellee.**

Supreme Court of Kentucky.

Dec. 18, 1986.

Rehearing Denied March 12, 1987.

David L. Armstrong, Atty. Gen., Frankfort, Joseph R. Kirwan, Sp. Asst. Atty. Gen., Asst. Com. Atty., Bowling Green, for appellant.

David F. Broderick, Cole, Harned & Broderick, Bowling Green, for appellee.

GANT, Justice.

Appellee was indicted for reckless homicide in the shooting death of Tammy Manning, which occurred December 19, 1984. At the conclusion of the evidence by the prosecution and at the conclusion of all the evidence, appellee moved for a directed verdict of acquittal, which motions were overruled. The case was submitted to the jury, which found the appellee guilty as charged and sentenced him to one year in prison. An appropriate judgment of conviction was entered. Prior to sentencing, appellee filed a motion for a new trial and a motion for judgment notwithstanding the verdict. The latter motion was sustained, and the trial court set aside the first judgment and found "that the defendant is not guilty as a matter of law...."

## COMMONWEALTH v. BURRIS

■ This court, in *Commonwealth v. Burris,* Ky., 590 S.W.2d 878 (1979), held that the Commonwealth had no right of appeal from a judgment notwithstanding the verdict, stating that appealing such a judgment is the functional equivalent of appealing a verdict of acquittal as prohibited by Section 115 of the Kentucky Constitution. The pertinent part thereof states "... the commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of the law ..."

The court, in *Burris,* relied upon the case of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), which case relied upon the Fifth Amendment to the United States Constitution prohibiting any person to be subjected to double jeopardy. It is our opinion that Section 115 of the Kentucky Constitution finds its origin in Section 13 of our constitution, which is identical in effect as the federal counterpart in the Fifth Amendment. *See Jordan v. Commonwealth,* Ky., 703 S.W.2d 870 (1986). However, this court disagrees that a postverdict ruling of law by a trial judge is the type of judgment envisioned in Section 115. *Burks, supra,* was a case in which an *appellate* court reversed a trial court judgment entered after a verdict and

judgment of guilty, and remanded for a new trial. The Supreme Court held, quite simply, that, under these circumstances, when the appellate court reversed on grounds of insufficient evidence, jeopardy had attached and there could be no remand for a new trial.

The more pertinent case is that of *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). In that case the jury entered a guilty verdict against Wilson for a federal offense, but the *trial* judge dismissed the indictment on the ground of delay between indictment and trial. After an excellent discussion of the history of double jeopardy, in an opinion by Justice Marshall, the court stated, in 95 S.Ct. at page 1026:

Granting the Government ... broad appeals rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant's guilt after having failed with the first; it would permit him to re-examine the weaknesses in his first presentation in order to strengthen the second; and it would disserve the defendant's legitimate interest in the finality of a verdict of acquittal. These interests, however, do not apply in the case of a postverdict ruling of law by a trial judge. Corrections of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions. We therefore conclude that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trial of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.

Specific cases pertaining to trial court postverdict orders setting aside a guilty verdict for insufficient evidence and which permitted a government appeal as not violative of the Double Jeopardy Clause include *United States v. Brandon,* 633 F.2d 773 (9th Cir.1980); *United States v. Dixon,* 658 F.2d 181 (3rd Cir.1981). *See also Virgin Islands v. Christensen,* 673 F.2d 713 (3rd Cir.1982); *U.S. v. Steed,* 674 F.2d 284 (4th Cir.1982), *cert. denied* 459 U.S. 829,

103 S.Ct. 67, 74 L.Ed.2d 68 (1982); *U.S. v. Mandel*, 591 F.2d 1347 (4th Cir.1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980); *U.S. v. Blasco*, 581 F.2d 681 (7th Cir.1978), *cert. denied* 439 U.S. 966, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978); *U.S. v. Jones*, 580 F.2d 219 (6th Cir.1978); *U.S. v. Donahue*, 539 F.2d 1131 (8th Cir.1976).

Although appeals by the government are authorized by 18 U.S.C. § 3731, the underlying right to appeal is predicated upon the fact that double jeopardy cannot attach or result from such an appeal.

It is our opinion that Section 115 of the Kentucky Constitution, founded in the prohibition against double jeopardy, does not prevent an appeal by the Commonwealth when a jury has returned a verdict of guilty which has been set aside by a ruling of law to a postverdict motion. If error was made in such ruling as determined on appeal, the verdict is simply reinstated. Accordingly, *Commonwealth v. Burris*, Ky., 590 S.W.2d 878 (1979), is specifically overruled.

### THE JUDGMENT N.O.V.

▇ Having held that the Commonwealth has the right to appeal under these circumstances, we must next determine if error was committed by the trial judge under the facts of the case. There are numerous uncontested facts herein. The appellee owned the gun, a Raven .25 caliber automatic pistol; he admitted shooting the victim; the gun was loaded with one round in the chamber and four live rounds in the magazine or clip. The firearms expert testified that a live round would not be inserted into the firing chamber unless someone pulled the slide and would not fire unless someone pulled the trigger. The gun would not malfunction under testing or fire with the safety on. Appellee had been drinking, admitting to one-half pint and part of another. There were no witnesses to the actual shooting except appellee and the victim. The cause of death was a single shot to the chest which lacerated the lungs, aorta, bronchi and left pulmonary vessels.

The appellee claimed the shooting was an accident, both at the time of the incident and at trial. He also testified the gun had never gone off by itself and that he must have pulled the trigger, which the expert had testified required 7 to 71/2 pounds of pressure.

▇ The facts and circumstances clearly indicate this case was properly submitted to the jury. The jury is certainly empowered to draw reasonable inferences from the circumstances. *Baker v. Commonwealth*, Ky., 307 S.W.2d 773 (1957). It is the duty of the jury to affix criminal responsibility, and the judge should not invade the province of the jury. *Davidson v. Commonwealth*, Ky., 340 S.W.2d 243 (1960).

Based upon the foregoing, we reverse the judgment not withstanding the verdict, and remand to the Warren Circuit Court with directions to reinstate the jury verdict and to enter judgment and then proceed in accordance with this opinion.

All concur.