**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Lisa GILLIAM, Appellee.**

**No. 2012–CA–001986–MR.**

Court of Appeals of Kentucky.

March 7, 2014.

As Modified April 4, 2014.

Jack Conway, Attorney General of Kentucky, Jackie Steele, Frankfort, KY, Harold F. Dyche II, Special Assistant At-torneys General, Lexington, KY, for appellant.

Scott T. Foster, Robert E. Norfleet, Somerset, KY, for appellee.

Before STUMBO, TAYLOR, and THOMPSON, Judges.

## OPINION AND ORDER DISMISSING

TAYLOR, Judge:

The Commonwealth of Kentucky brings this appeal from an October 26, 2012, judgment of acquittal of the Laurel Circuit Court rendered pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.24. We dismiss.

Lisa Gilliam was indicted by a Laurel County Grand Jury upon one count of murder following the shooting death of her husband. A jury trial ensued, and at the close of the Commonwealth's case and at the close of the defense's case, Gilliam moved for directed verdicts of acquittal. Kentucky Rules of Civil Procedure 50.01. Both motions were denied. The matter was submitted to the jury, but the jury announced it was unable to reach a unanimous verdict. The circuit court then charged the jury to continue its deliberations. The jury again deliberated; however, the jury was still unable to reach a unanimous verdict. The court then declared a mistrial and discharged the jury. Thereupon, Gilliam filed a motion for judgment of acquittal under RCr 10.24. The court ultimately granted the motion and rendered a Judgment of Acquittal on October 26, 2012.

The Commonwealth filed this appeal from the October 26, 2012, judgment of acquittal seeking reversal and arguing that the circuit court erroneously rendered such judgment.[1] Gilliam filed a motion to

---

1. The Commonwealth did not seek a certifica-    tion of law as permitted by Section 115 of the

dismiss the appeal as violative of double jeopardy. For the reasons hereinafter set forth, we agree that this appeal should be dismissed.

■ The constitutional prohibition against double jeopardy is a cornerstone of our criminal justice system and is guaranteed by both the Fifth Amendment to the United States Constitution and by Section 13 of the Kentucky Constitution. This double jeopardy prohibition is founded upon the basic tenant that a "defendant should not be twice tried or punished for the same offense." 22 C.J.S. *Criminal Law* § 265 (2014). The constitutional guaranty against double jeopardy protects a defendant acquitted of a criminal offense from further prosecution upon the same offense.[2] The United States Supreme Court observed that "the most fundamental rule in the history of double jeopardy jurisprudence [is] ... that [a] verdict of acquittal ... could not be reviewed, on error or otherwise...." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Resolution of this appeal centers upon the interplay between the double jeopardy prohibition and Kentucky Rules of Criminal Procedure (RCr) 10.24.

■ In this Commonwealth, RCr 10.24 permits a circuit court to render a judgment of acquittal after the jury's verdict or after discharge of the jury when it is unable to reach a verdict:

> Not later than five (5) days after the return of a verdict finding a defendant guilty of one or more offenses, or after the discharge of the jury following their

having not returned a verdict, a defendant who has moved for a directed verdict of acquittal at the close of all the evidence may move to have the verdict set aside and a judgment of acquittal entered, or for a judgment of acquittal. Likewise, if a defendant has been found guilty under any instruction to which at the close of all the evidence such defendant objected upon the ground that the evidence was not sufficient to support a verdict of guilty under that instruction, that defendant may move that to that extent the verdict be set aside and a judgment of acquittal entered. A motion for a new trial may be joined with this motion.

Under RCr 10.24, the defendant must move for directed verdict at the close of the Commonwealth's presentation of evidence and the defense's presentation of evidence at trial. Also, a judgment of acquittal is proper only where the evidence was not sufficient to support a guilty verdict by the jury.

■ If the circuit court renders a judgment of acquittal under RCr 10.24 due to insufficient evidence after the jury fails to return a verdict, the constitutional prohibition against double jeopardy is triggered, and the Commonwealth may not appeal the merits of such a judgment. *Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349; *Evans v. Michigan,* — U.S. ——, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013). Thus, double jeopardy prohibits the Commonwealth from appealing a judgment of acquittal under RCr 10.24 if the jury was deadlocked and if the judgment

---

Kentucky Constitution and Kentucky Rules of Civil Procedure 76.37(10).

**2.** An exception is recognized when a judgment of acquittal sets aside a jury's guilty verdict. In such a case, the government may appeal, and double jeopardy is no bar because the government merely seeks reinstatement of

the jury's guilty verdict. *Smith v. Massachusetts,* 543 U.S. 462, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Commonwealth v. Brindley,* 724 S.W.2d 214 (Ky.1986).

of acquittal was based upon insufficient evidence.[3]

■ In the case sub *judice*, the jury was unable to reach a unanimous verdict, and the circuit court declared a mistrial. Upon motion by Gilliam, the circuit court exercised its authority under RCr 10.24 and rendered the October 26, 2012, Judgment of Acquittal. In its October 26, 2012, Judgment of Acquittal, the circuit court concluded that based upon the evidence "it would be clearly unreasonable for a jury to find guilt beyond a reasonable doubt." Under these circumstances, the law is clear that the Commonwealth is constitutionally prohibited by double jeopardy from pursuing the instant appeal.

Now therefore be it ORDERED that Gilliam's Motion to Dismiss the Appeal is GRANTED and Appeal No.2012–CA–001986–MR is hereby DISMISSED.

ALL CONCUR.

---

3. We observe that double jeopardy attaches when the jury is impaneled and sworn. *Cardine v. Com.*, 283 S.W.3d 641 (Ky.2009).