OPINION OF THE COURT BY CHIEF JUSTICE MINTON
Section 115 of the Kentucky Constitution bars the Commonwealth from appealing a judgment of acquittal in a criminal case. This case is an appeal by the Commonwealth of Michael Donnell Maupin's judgment of acquittal on the charge of violating KRS 17.510 for failing to register a change of address with the Sex Offender Registry. The Commonwealth argues that this appeal was not barred by Section 115 because Maupin's judgment of acquittal was based on the trial court's issuance of a judgment of acquittal and not the jury's verdict.[1] A divided panel of the Court of Appeals allowed the Commonwealth's appeal to proceed, reversed the trial court's judgment of acquittal, remanded the case to the trial court with instructions to reinstate the jury's guilty verdict, and directed the trial court to impose sentence upon Maupin. On discretionary review, we reverse the Court of Appeals and reinstate the trial court's judgment.
I. BACKGROUND.
The grand jury indicted Michael Donnell Maupin for failing to comply with the Sex Offender Registry during the period from September 18, 2013, through October 16, 2013, and for being a first-degree persistent felony offender. During the time period specified in the charge, Maupin was homeless, and the Sex Offender Registry reflected that he resided at two shelters-the Catholic Action Center during the day and the Community Inn at night. On October 16, a sheriff's deputy went to the Community Inn and was unable to find Maupin, whose name was not on the sign-in *928 sheet used to keep track of patrons at the shelter. But according to testimony provided by the shelter's director, the sign-in process was not formally policed. Because of Maupin's absence from the shelter at the time of the deputy's visit, the deputy sought a warrant for Maupin's arrest for failing to comply with the Registry. Maupin was eventually located and arrested.
At Maupin's jury trial, the director of the Community Inn testified that homeless patrons secure a room at the Inn by lining up and signing in at a designated hour and are free to come and go as they please. The name "Michael Maupin" appeared only twice on the sign-in sheet from September 18, 2013, through October 16, 2013. Maupin claimed that he used his Islamic name, Michael Aleem Waleed, and signed in as "M.A.W.", or had others sign him in to secure him a place at the shelter if he was not there when it opened, which would explain the two times "Michael Maupin" appeared on the sign-in sheet. "M.A.W." did appear on the sign-in sheet every day that "Michael Maupin" did not; however, "M.A.W." also appeared on the sign-in sheet between October 28 and 31, 2013, days when Maupin was in jail and not at the Inn. Additionally, Maupin's probation officer testified that he had never provided his Islamic alias to Probation and Parole, as required by Kentucky law.
At the close of proof at trial, Maupin moved for a directed verdict on both charges. The trial court expressed reservations regarding the strength of the Commonwealth's proof, but ultimately denied the motion. The jury convicted Maupin of both charges and recommended an enhanced sentence of ten years' imprisonment.
Maupin then moved for a new trial or judgment of acquittal. The trial court initially granted the motion for a new trial, but later modified its order to grant the motion for a judgment of acquittal, noting that a judgment of acquittal was the proper remedy in this case. The trial court reasoned that Maupin was entitled to a judgment of acquittal as a matter of justice, noting that the Commonwealth's proof was insufficient for conviction because the sign-in sheets were equivocal at best, in addition to finding that the deputy's single failed attempt to locate Maupin at the Inn on the evening of October 16, 2013, did not justify a criminal conviction and sentence.
After the trial court entered a judgment acquitting Maupin, the Commonwealth appealed. The Commonwealth asserted that the evidence was sufficient to send the case to the jury and that the trial court improperly invaded the jury's role by weighing the evidence and deeming it unconvincing. The majority of a divided appellate panel agreed with the Commonwealth and reversed. Maupin then appealed to this Court, and this Court took discretionary review.
II. ANALYSIS.
The central issue requires us to interpret a constitutional provision, Section 115 of the Kentucky Constitution, which we review de novo.[2]
Section 115 rather plainly states, "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the Commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law.... "[3] In this case, the Commonwealth is doing exactly what *929 Section 115 proscribes-appealing a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law.
We accepted discretionary review because this case affords an opportunity to rectify an erroneous analysis of Section 115 in this Court's jurisprudence. In Commonwealth v. Burris, the seminal case applying Section 115, the defendant was convicted of second-degree robbery and moved for both a new trial and a judgment n.o.v.[4] The trial court denied the motion for a new trial, but granted the judgment n.o.v.[5] The Court held "that the Commonwealth was barred from securing appellate review of [a] judgment n.o.v. by [ Section 115 ] of our Constitution."[6] The Court recognized that a judgment n.o.v. functions as an acquittal of a criminal defendant's charges,[7] and so the Court correctly held that the plain language of Section 115 bars the Commonwealth's appeal of that ruling.
In its discussion, the Burris Court cited the U.S. Supreme Court case of Burks v. U.S.[8] for its holding "that the Double Jeopardy Clause[9] prevents a second trial for the purpose of affording the prosecution with another opportunity to supply such evidence it failed to produce in the first trial."[10] It appears that the Burris Court cited Burks and the double-jeopardy rule to explain why the trial court, finding insufficient evidence at trial to sustain a jury's guilty verdict, could not grant the defendant's motion for a new trial-this remedy was inappropriate because jeopardy had attached,[11] and the defendant could not be re-tried. This appears to be the only reason for the discussion in Burris of the Double Jeopardy Clause and Burks, having nothing to do with Section 115 itself.
Seven years later, in Commonwealth v. Brindley, this Court overruled Burris and its analysis of Section 115 as it relates to the Commonwealth's ability to appeal a judgment n.o.v.[12] The facts of Brindley are almost identical to Burris -a defendant was convicted by a jury of a crime, the defendant filed a motion for a new trial and judgment n.o.v., and the trial court denied the motion for a new trial but granted the motion for a judgment n.o.v.[13] This Court held that "[ Section 115 ] does not prevent an appeal by the Commonwealth when a jury has returned a verdict of guilty which has been set aside by a ruling of law to a post-verdict motion."[14]
Understanding the Court's analysis leading to its conclusion in Brindley sheds *930 light on its erroneous interpretation of Section 115 and holding. The Court in Brindley first began its analysis by discussing the citation of Burks in Burris and the Double Jeopardy Clause.[15] After this discussion, the Brindley Court came to the following conclusion-a conclusion unsupported by any source of law in Kentucky-"It is our opinion that Section 115 of the Kentucky Constitution finds its origin in Section 13 of our constitution,[16] which is identical in effect as the federal counterpart in the Fifth Amendment."[17]
The Brindley Court appears to have read more into the Burris Court's use of Burks and the Double Jeopardy Clause in its opinion than what was there. As stated, the Burris Court cited Burks and the Double Jeopardy Clause simply as rationale for its conclusion that the remedy of a new trial could not be granted because jeopardy had attached.[18] Nowhere in its opinion did the Burris Court state that the Commonwealth could not appeal a judgment n.o.v. because such appeal would violate the Double Jeopardy Clause -rather, the Burris Court stated, "We hold that the Commonwealth was barred from securing appellate review of the judgment n.o.v. by the express provision (referring to Section 115 ) of our Constitution. "[19]
Section 115 of the Kentucky Constitution is separate and distinct from Section 13 and the Fifth Amendment and in no way grounds itself in the Double Jeopardy Clause. Section 115 is clear on its face; "... the Commonwealth may not appeal from a judgment of acquittal in a criminal case ...," subject to one exception not applicable in this case. Any implication of the Double Jeopardy Clause is not to be found in Section 115, and therefore any statement that Section 115 grounds itself in Section 13 is erroneous. Not only is Brindley the sole authority to assert that Section 115 is grounded in the Double Jeopardy Clause, but merging, as the holding in Brindley does, a Double Jeopardy Clause analysis with Section 115 impermissibly renders a portion of Section 115 completely superfluous.[20]
The Double Jeopardy Clause prevents a defendant from being tried for the same crime twice, and Section 115 prevents the Commonwealth from appealing a judgment of acquittal. Both provisions seek the same goal-protecting a determination of innocence. But these provisions protect a defendant's innocence in different ways, working in tandem with each other: The Double Jeopardy Clause protects a defendant's innocence at the trial court level by preventing the Commonwealth from retrying a case in the hopes of acquiring a guilty verdict the second time, while Section 115 protects a defendant's innocence at the appellate court level by preventing the Commonwealth from acquiring a reinstatement of a guilty verdict after the trial court has found the jury's guilty verdict erroneous.[21] This distinction *931 supports the assertion that the Double Jeopardy Clause plays no part in determining whether Section 115 has been violated.
Examining Burks and another U.S. Supreme Court case discussed in Brindley , U.S. v. Wilson,[22] further identifies Brindley's erroneous interpretation of Section 115 and holding.
The U.S. Supreme Court in Wilson analyzed a federal statute, 18 U.S.C. § 3731, a rule of federal law completely different from Section 115, in fashioning its Double Jeopardy Clause analysis and holding. Unlike Section 115, Section 3731 places only one restriction on the federal government's right to appeal a defendant's criminal case: "... except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution. "[23] This is exactly why the U.S. Supreme Court in Burks and Wilson couched its analysis of the ability of the prosecution to appeal a judgment n.o.v. in the Double Jeopardy Clause-this is the only prohibition on the prosecution's right to appeal in the entirety of federal law and is what drives such an analysis.
Under Kentucky's Constitution, Section 115 strictly prohibits any right of the prosecution to appeal a judgment of acquittal on its face, with no mention of the Double Jeopardy Clause whatsoever. Therefore the Court's reliance on Wilson, Burks, and the Double Jeopardy Clause in its Brindley decision is misplaced-the only restriction on the right of the government to appeal in federal statutory law is a violation of double jeopardy, but Section 115 acts as a specific enumeration of the right of the acquitted to be free from government appeals without reference to double jeopardy. The analysis of appealing a judgment of acquittal in Kentucky begins with Section 115, and may impute the Double Jeopardy Clause listed in Section 13 and the Fifth Amendment of the U.S. Constitution depending on the facts of the case, but does not solely rely on an analysis of the Double Jeopardy Clause. So the Brindley Court's imputation of the Double Jeopardy Clause in Section 115 and its holding are mistaken.
We do want to make clear that the Brindley Court's analysis of the Double Jeopardy Clause itself, in both Section 13 and the Fifth Amendment, is correct-the reinstatement of a guilty verdict by a jury, as opposed to the undertaking of a new trial, does not run afoul of the Double Jeopardy Clause.[24] This is what the U.S. Supreme Court in Wilson held to be the case.[25] But whether the Commonwealth's actions violate the Double Jeopardy Clause and whether the Commonwealth's actions violate Section 115 of the Kentucky Constitution are two separate and distinct inquiries.
We reject Brindley's arguments that Section 115 derives itself from Section 13 of the Kentucky Constitution and that the Commonwealth may appeal the granting of a judgment n.o.v. Simply stated, the grant of a judgment of acquittal, including the grant of a judgment n.o.v. which is functionally equivalent to a judgment of acquittal, cannot be appealed by the Commonwealth, *932 per the plain language of Section 115 of the Kentucky Constitution.
III. CONCLUSION.
We hold that Section 115 of the Kentucky Constitution bars the Commonwealth from appealing a judgment of acquittal, and so we need not reach the merits of this case. We reverse the Court of Appeals and reinstate the trial court's judgment. We also overrule any precedent stating that Section 115 derives itself from Section 13 of the Kentucky Constitution and that the Commonwealth may appeal a judgment n.o.v.
All sitting.
Minton, C.J., Keller, Venters, and Wright, JJ., concur.
Cunningham, J., concurs by separate opinion in which Hughes and VanMeter, JJ., join.

The trial court here exercised its authority under Kentucky Rule of Criminal Procedure (RCr) 10.24, which allows the trial court, under conditions specified in this rule, to issue a judgment of acquittal, the jury's guilty verdict notwithstanding. This is sometimes referred to as a judgment notwithstanding the verdict, a judgment n.o.v. (judgment non-obstante verdicto ), or a j.n.o.v.

Greene v. Commonwealth, 349 S.W.3d 892, 898 (Ky. 2011).

(emphasis added).

590 S.W.2d 878, 878 (Ky. 1979).

Id.

Id. at 879.

Id. ; Commonwealth v. Bailey, 71 S.W.3d 73, 75 (Ky. 2002) ("A JNOV (judgment notwithstanding the verdict) would constitute an acquittal of the charge that would leave nothing to be decided at a subsequent trial....").

437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

U.S. Const. Amend. V ("No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb."). The Double Jeopardy Clause of the Fifth Amendment was incorporated into state law in Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Burris, 590 S.W.2d at 879 (citing Burks, 437 U.S. at 18, 98 S.Ct. 2141 ).

In a jury trial, jeopardy attaches when the jury is empaneled and sworn. Crist v. Bretz, 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

724 S.W.2d 214, 215-16 (Ky. 1986).

Id. at 215.

Id. at 216.

Id. at 215.

"No person shall, for the same offense, be twice put in jeopardy of his life or limb...."

Id. at 215 (citing Jordan v. Commonwealth, 703 S.W.2d 870 (Ky. 1985) for the proposition that Ky. Const. Section 13 is identical to the U.S. Constitution's Fifth Amendment).

Burris, 590 S.W.2d at 879.

Id.

"[D]ifferent sections of a Constitution ... are to be construed as a whole in an effort to harmonize the various provisions...." Shamburger v. Duncan, 253 S.W.2d 388, 391 (Ky. 1952).

As explained in Brindley and U.S. v. Wilson, the Double Jeopardy Clause only prevents the government from conducting another trial seeking a guilty verdict for the crime of which the defendant was acquitted of, not simply the reinstatement of the jury's guilty verdict for that crime. Brindley, 724 S.W.2d at 215-16 ; U.S. v. Wilson, 420 U.S. 332, 352-53, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). Reinstatement of a jury's guilty verdict does not require conducting another trial, so no violation of the Double Jeopardy Clause occurs in this way. Id.

420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

(emphasis added).

Brindley, 724 S.W.2d at 216.

Wilson, 420 U.S. at 352, 95 S.Ct. 1013.